**TERM CASE**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-2611-GHW | Date | January 12, 2017 |
|---|---|---|---|
| Title | *County of Sacramento v. Gary Gorski, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | Rika Valdman, USDO |

**PROCEEDINGS:**   **UNITED STATES' MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY ADVERSARY PROCEEDING [1]**

Counsel for Counter and Cross-Claimants is not present.

The Court's Tentative Ruling is circulated and attached hereto.  Court confers with government counsel. Ms. Valdman informs the Court that Counter and Cross-Claimants Daniel Karalash and Robert Hunter withdraw their Opposition.  Counter and Cross-Claimants are ordered to file a written withdrawal of their Opposition forthwith.

Based on the Tentative, and for reasons stated on the record, the United States' Motion is GRANTED.

|  | : | 06 |
|---|---|---|
| Initials of Preparer | JG | |

___*County of Sacramento v. Gorski, et al. (In re:  Gorski)*___, Case No. Dist. Ct. No. 2:16-cv-2611-GHW (BK); Adv. Proc. No. 14-2016; Bankruptcy Case No. 13-33139
Tentative Ruling on Motion to Withdraw Reference to Bankruptcy Court of Adversary Proceeding [28 USC 157(D); FRBP 5011]

The United States of America ("USA"), on behalf of the Internal Revenue Service ("IRS"), moves, pursuant to 28 U.S.C. § 157(d)[1] and Fed. R. Bankr. P. 5011(a)[2], to withdraw the reference of this adversary proceeding – an interpleader action concerning the right to almost $200,000 in attorney's fees awarded in connection with an underlying action that itself had been litigated in the Eastern District of California – to the Bankruptcy Court.  *See* 2611 Docket No. 1.[3]

In 2006, a 42 U.S.C. § 1983 lawsuit was brought both individually and as a class action by plaintiffs Robert Hunter and Howard Eley against the County of Sacramento ("County") and other defendants alleging excessive force by sheriff deputies at the Sacramento County Main Jail.  *See* Docket No. 1 in *Hunter v. County of Sacramento*, Case No. 2:06-cv-00457-GEB-AC (E.D. Cal.) (references to the entries in the *Hunter* lawsuit shall be to "*Hunter* Docket No.").  Plaintiffs' counsel in that action were Gary Gorski and Daniel Karalash.  *Id.*  In 2013, a jury returned verdicts in favor of the Plaintiffs as to their individual excessive force claims awarding them each one dollar in damages.  *Id.* at Docket Nos. 186, 187.  On October 11, 2013, the *Hunter* plaintiffs' counsel were awarded attorney fees in the sum of $197,505.00.  *Id.* at Docket No. 216.

On October 9, 2013, Gorski filed a voluntary Chapter 13 petition in the Eastern District of California Bankruptcy Court, *see* Docket No. 1, *In re Gorski*, Bankruptcy Case

---

[1] "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

[2] Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge."  Fed. R. Bankr. P. 5011(a).

[3] Unless otherwise noted, all references to docket entries in the present action, Case No. 2:16-cv-2611, shall be designated as "2611 Docket No."

No. 13-33139 (references to entries in the *In re Gorski* case shall be to "*Gorski* Docket No."). At Gorski's request, the matter was converted to a Chapter 7 Bankruptcy. *Id.* at Docket No. 9. Listed as part of his Schedule B Personal Property was a "claim for Attorney's fees arising out of *Hunter v. County of Sacramento et. al.*" in the sum of $98,500.00. *Id.*, Docket No. 17 at ¶ 35. On January 14, 2014, the County filed a Complaint in Interpleader as to $197,500.00[4] stating that: "Gorski claims half of the fee award as personal property in the schedules submitted. The bankruptcy trustee, the Internal Revenue Service and the County of Yolo each claim a competing interest in the award." *Id.*, Docket No. 68 at 2. In September of 2016, certain interested parties reached a settlement as to various items of property in Gorski's bankruptcy estate including the attorney's fees in *Hunter*, and moved the court for approval of the settlement agreements. *Id.* at Docket Nos. 91[5], 96. On October 6, 2016, the Bankruptcy Court approved a compromise between Gorski, his client (Howard Eley) and the County regarding distribution of that portion of the fees awarded to Eley. *Id.* at Docket No. 116. That same day, the Bankruptcy Court also approved a compromise between Gorski and the IRS which, among other things, resulted in the bankruptcy estate abandoning its claim to the remainder of the interpleaded funds. *Id.* at Docket No. 117. On October 19, 2016, two individuals – Daniel Karalash and Robert Hunter – appealed the order approving the compromise between Gorski, Eley and the County, and filed a motion to stay the order pending the appeal. *Id.* at Docket Nos. 128, 132.

---

[4] The Interpleader Complaint states the amount as $197,500.00, but the attorney's fess award in *Hunter* was for $197,505.00.

[5] In the Motion to Approve Compromise as to the settlement between the Chapter 7 Trustee, Eley and the County, it was delineated that: (1) Gorski and Karalash had agreed in writing between themselves that all attorney's fees would be split evenly between them regardless of how much each attorney worked on the *Hunter* lawsuit; and (2) that Hunter and Gorski had entered into a written attorney-client contract which provided that:

> . . . if the matter proceeds to trial, and a favorable judgment is obtained, all attorney's fees recoverable by statute shall be Attorney's exclusively; and [Hunter] shall have no interest or claim to said fees . . . . [and Hunter also] grant[ed] Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this Contract.

*Gorski* Docket No. 91 at 2. Further, it was also specifically noted that on March 9, 2016, during a status conference in the interpleader action, "Hunter and Karalash, through counsel, waived any claim to the amount of the Fee Award apportioned to Eley . . . ." *Id.* at page 4.

Because of the approval of the compromises involving Gorski, the USA filed this motion – at the suggestion of the Bankruptcy Court – to withdraw the reference, asserting that there remains no bankruptcy purpose to this interpleader adversary proceeding. *See* 2611 Docket No. 1. The bankruptcy estate trustee and the County have filed non-oppositions to the motion. *Id.* at Docket Nos. 4, 12. The only challenge to the motion consists of a response from Karalash and Hunter, who argue that the motion is premature because of their filing an appeal, and that the Court should stay its decision on the motion pending their appeal of the order approving the compromise between Gorski, Eley and the County. *Id.* at Docket No. 7. In its Reply, the USA observes that after Karalash and Hunter had filed their Notice of Appeal, they also filed a Motion to Stay Pending Appeal with the Bankruptcy Court, which was denied. *Id.*, Docket No. 11 at 2; *see also Gorski* Docket Nos. 132, 150. Furthermore, the USA argues that:

> This appeal does not pertain to the subject of the United States' Motion. The United States' Motion addresses the portion of interpleader funds that was abandoned by the bankruptcy estate pursuant to a settlement with the IRS. *See* Dkt. Nos. 96-101, 117 in Case No. 13-33139 (Bank. E.D. CA). The outcome of this dispute is neutral to the bankruptcy estate. Because the appeal does not concern the competing claims that are at issue in this Motion, and because there is no bankruptcy purpose, the argument raised in Mr. Karalash's and Mr. Hunter's Opposition is without merit, and the United States requests that District Court withdraw the reference to the Bankruptcy Court with respect to the adversary proceeding.

2611 Docket No. 11 at 2-3.

It would appear that, indeed, there is no continuing connection between this adversary proceeding and Gorski (and his bankruptcy case/estate) that either Karalash or Hunter would have a basis to litigate and, thus, "the efficient use of judicial resources" would suggest sufficient "cause" for the reference to be withdrawn. It is not clear how Karalash and Hunter's appeal raises a basis for this Court not to decide the issue of the withdrawal of the reference. Presumably, Karalash and Hunter will address this matter at the hearing.

Additionally, however, there seems to be further matters related to the withdrawal that neither side has addressed. If the Court ultimately grants the motion to withdraw the reference, it is unclear what the basis would be for the action remaining in federal court. Also, it appears that there may be a live cross-claim brought by Karalash against the IRS.

*See* Eastern District Docket No. 6-1, Valdman Decl., Exh. 1, at 29:21-30:19.  The Court would inquire as to those items at the hearing.