| Case No. | 2:16-cv-2611-GHW | Date | June 13, 2017 |
|---|---|---|---|
| Title | *In re Gorski* | | Page 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – ORDER RE REMAINING INTERPLEAD FUNDS**

    In the motion to withdraw the reference to the Bankruptcy Court of this adversary proceeding, it was noted that: (1) "the County of Sacramento initiated this adversary proceeding by filing a Complaint in Interpleader" as to "the attorney's fees and costs, that total $199,916.90, awarded in *Hunter et al. v. County of Sacramento . . .* ("District Court Action")" (*see* Docket No. 1 at page 3 of 25); (2) "the District Court for the Eastern District of California ordered that each of the Plaintiffs in the District Court Action (Hunter and Eley) [be] awarded half of the attorney's fees ($98,725.50 each)"[1] (*Id.*); (3) the [bankruptcy] Trustee filed a motion to approve compromise between Gorski, Eley, and the County of Sacramento, that among other things allocated the half of the attorney's fees awarded to Eley [only to those parties]" and "the motion was granted by the Bankruptcy Court" (*Id.* at pages 3-4 of 25); (4) "Karalash and Hunter appealed the Bankruptcy Court's Order" − ("[t]he District Court case number for the appeal is 2:16-cv-2528-WBS") (*Id.* at page 4 of 25); (5) Gorski and the Internal Revenue Service ("IRS") reached a compromise which was approved by the Bankruptcy Court whereby Gorski's interest in the half of the attorney's fees awarded to Hunter was provided to the IRS (*Id.* at page 4 of 25); and (6) '[t]he only remaining issue to be resolved [in the interpleader action] is the competing claims to Hunter's half of the attorney's fee award" (*Id.*).

    This Court granted the IRS's motion for summary judgment and held that: (1) "Gorski is entitled to $98,725.50 in attorney's fees awarded to Robert Hunter in *Hunter et al., v. County of Sacramento*;" (2) "[IRS's] tax liens attach to Gary Gorski's entire interest in the attorney's fees awarded to Robert Hunter in *Hunter et al., v. County of Sacramento*;" and (3) "the Clerk of the Bankruptcy Court for the Eastern District of California shall pay $98,725.50 currently in the Bankruptcy Court's registry in connection with the Adversary Proceeding No. 14-2016 for application toward the unpaid Federal income tax liabilities of Gary Gorski." *See* Docket No. 31

---

[1] "Gary Gorski, and Daniel Karalash represented plaintiffs Robert Hunter and Howard Eley in the District Court Action" (*see* Docket No. 1 at page 3 of 25).

at 1-2.

In the appeal of the Bankruptcy Court's order approving the compromise as to Eley's half of the attorney's fees, this Court affirmed that order. *See In re Gorski*, 2:16-cv-2528-GHW, Docket Nos. 27-29.

It has now come to the Court's attention that, after issuing orders regarding the allocation of the interplead funds, there remains the sum of approximately $3577.93 with interest accruing. The Court orders the clerk to give notice to the parties in both case numbers 16-cv-2528 and 16-cv-2611 of said amount and that said parties will have until July 5, 2017, to file a claim as to those funds. A hearing is scheduled for July 10, 2017 at 8:30 a.m, to resolve any competing claims. Should no party/person make a claim to said funds, they will be disposed of in the normal course.